Kane Moon (SBN 249834)
Allen Feghali (SBN 301080)
Enzo Nabiev (SBN 332118)
Sohyun Oh (SBN 341157)
**MOON & YANG, APC**
1055 W. Seventh St., Suite 1880
Los Angeles, California 90017
Telephone: (213) 232-3128
Facsimile: (213) 232-3125
E-mail: kane.moon@moonyanglaw.com
E-mail: allen.feghali@moonyanglaw.com
E-mail: enzo.nabiev@moonyanglaw.com
E-mail: julie.oh@moonyanglaw.com

Attorneys for Plaintiffs Jesus Mendoza and
Cesar De La Rosa

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESUS MENDOZA and CESAR DE LA ROSA, individually, and on behalf of all others similarly situated,<br><br>       Plaintiffs,<br><br>       v.<br><br>MASONITE CORPORATION, a Delaware corporation; and DOES 1 through 10, inclusive,<br><br>       Defendants. | Case No. 5:21-cv-00025-SSS-KKx<br><br>**ORDER GRANTING MOTION FOR PRELIMINARY APPROVAL OF CLASS AND PAGA ACTION SETTLEMENT**<br><br>Date:       April 14, 2023<br>Time:       2:00 p.m.<br>Action Filed:  November 17, 2020<br>———<br>Hon. Sunshine S. Sykes<br>Courtroom 2, 2nd Floor<br>United States Courthouse<br>3470 Twelfth Street<br>Riverside, California 92501 |

# ORDER

WHEREAS, a proposed class and Private Attorneys General Act ("PAGA") action is pending before the Court, entitled *Jesus Mendoza and Cesar De La Rosa v. Masonite Corporation*, Case No. 5:21-cv-00025-SSS-KK;

WHEREAS, Plaintiff Jesus Mendoza and Cesar De La Rosa ("Plaintiffs") and Defendant Masonite Corporation ("Masonite") (collectively, the "Parties") have entered into a Class Action and PAGA Settlement and Release ("Settlement" or "Settlement Agreement," attached as Exhibit 1 to the accompanying declaration of Kane Moon); and

WHEREAS, the Court has considered all papers submitted on Plaintiffs' Motion for Preliminary Approval of Class and PAGA Action Settlement, including the Declaration of Kane Moon, the Settlement Agreement and all exhibits attached thereto, records and prior proceedings to date in this matter, and good cause appearing,

**IT IS HEREBY ORDERED, DECREED, AND ADJUDGED as follows:**

1.     The Parties have agreed to settle and seek a Judgment resolving this Action in accordance with the terms and conditions of the Settlement Agreement. The Court notes that Defendant has agreed to create a common fund of $635,000.00 to cover (a) settlement payments to Class Members who do not validly opt out;  (b) Class Representative Service Payments of up to $5,000.00 for each Plaintiff; (c) Class Counsel's attorneys' fees not to exceed 33 13/% of the Gross Settlement Amount ($211,645.50) and up to $18,000.00 in costs for actual litigation expenses incurred by Class Counsel; (d) Settlement Administration costs of up to $12,000.00; and (e) 75% of the PAGA settlement payment ($45,000.00) to the Labor and Workforce Development Agency ("LWDA"). The definitions in the Settlement Agreement are hereby incorporated as though fully set forth in this Order, and all other terms and phrases in this Order shall have the same meaning as ascribed to them in the Settlement Agreement.

2.      The Court finds that, subject to the Final Approval Hearing, the Settlement Agreement, including all exhibits thereto, is preliminarily approved as fair, reasonable, and adequate, and in the best interests of the Settlement Class set forth below.  The Court further finds that the Settlement Agreement substantially fulfills the purposes and objectives of the class and PAGA action and provides substantial relief to the Settlement Class without the risks, burdens, costs, or delay associated with continued litigation, trial, and/or appeal.  The Settlement is not a finding or admission of liability by the Defendant or any other person, nor a finding of the validity of any claims asserted in the Action or of any wrongdoing or any violation of law.

3.      Plaintiffs, by and through their counsel, have investigated the pertinent facts and have evaluated the risks associated with continued litigation, trial and/or appeal.  The Court finds that the Settlement Agreement: (a) is the result of arm's-length negotiations between the Parties and experienced counsel; (b) is sufficient to warrant notice of the settlement and the Final Approval Hearing to be disseminated to the Settlement Class; (c) meets all applicable requirements of law, including Federal Rule of Civil Procedure 23.

**Conditional Certification of the Settlement Class**

4.      For purposes of settlement only: (a) Moon & Yang, APC is appointed as Class Counsel for the Settlement Class; and (b) Plaintiffs Jesus Mendoza and Cesar De La Rosa are appointed Class Representatives.  The Court finds that these attorneys are competent and capable of exercising the responsibilities of Class Counsel and that Plaintiffs will adequately protect the interests of the Settlement Class defined below.

5.      For purposes of settlement only and for purposes of disseminating Class Notice, and without prejudice to Defendant's right to contest class certification if the Settlement Agreement is not finally approved, the Court conditionally certifies the following Settlement Class as defined in the Settlement

ORDER GRANTING MOTION FOR PRELIMINARY APPROVAL OF CLASS AND PAGA ACTION
SETTLEMENT

Agreement: "all persons who worked for any Masonite in California as an hourly-paid, non-exempt employees at any time from July 14, 2017, to the date of the Court's order preliminarily approving this Settlement." Excluded from the Settlement Class are all persons who properly and timely elect to opt out.

6.    The Court finds, subject to the Final Approval Hearing, that the Settlement Agreement is fundamentally fair, adequate, and reasonable, and, solely within the context of and for the purposes of settlement only, that the Settlement Class satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure, and specifically, that: (1) the Settlement Class is so numerous that joinder of all members is impracticable; (2) there are questions of fact and law common to the Settlement Class; (3) the claims of the Class Representatives are typical of the claims of the members of the Settlement Class; (4) the Class Representatives and Class Counsel will fairly and adequately protect the interests of the members of the Settlement Class; (5) common questions of law or fact predominate over questions affecting individual members; and (6) a class action is a superior method for fairly and efficiently adjudicating the Action.

7.    If the Settlement Agreement does not receive the Court's final approval, or if final approval is reversed on appeal, or if the Settlement Agreement is terminated or otherwise fails to become effective, the Court's conditional grant of class certification shall be vacated, null, and void in all respects, and the Class Representative and the Settlement Class will once again bear the burden of establishing the propriety of class certification for purposes of litigation.  In such case, neither the conditional certification of the Settlement Class for settlement purposes, nor any other act relating to the negotiation or execution of the Settlement Agreement shall be considered as a factor in connection with any class certification issue(s).

**Class Counsel's Award and Class Representatives' Service Payment**

8.    The Court preliminarily approves Class Counsel's ability to request

attorneys' fees of up to one-third of the Gross Settlement Amount ($211,645.50), and costs not exceeding $18,000.00.

9.      The Court preliminarily approves the requested Class Representative enhancement payments of $5,000.00 to Plaintiff Jesus Mendoza and $5,000.00 to Plaintiff Cesar De La Rosa.

**Release**

10.      Upon the final approval by the Court of this Settlement and payment by Defendant of all funds due under the terms of the Settlement, and except as to such rights or claims as may be created by this Settlement, the Class Representatives and all Class Members who have not submitted a valid and timely request for exclusion as to claims, will release claims as follows:

a.   Released Claims. "Released Claims" means, all claims, rights, demands, liabilities and causes of action, whether in law or equity, arising from the same facts and/or claims alleged in the Original Complaint, PAGA Complaint and First Amended Complaint, or related to claims that were pled or could have been pled based on the facts alleged in the Complaint and in pending PAGA Letters submitted to LWDA by Putative Class Members and/or Class Counsel, including claims for wages, restitution, statutory and civil penalties, interest, fees, and costs, and claims arising from California's Private Attorneys General Act, based on the following categories of claims and allegations: (1) failure to pay minimum and regular rate wages; (2) failure to pay overtime compensation; (3) failure to provide meal periods; (4) failure to authorize and permit rest breaks; (5) failure to timely pay final wages at termination; (6) failure to provide accurate itemized wage statements; (7) failure to timely pay all wages during employment; (8) failure to reimburse business expenses; (9) failure to maintain accurate records of hours worked; (10) failure to maintain

accurate records of meal breaks; (11) unfair business practices in violation of California Business and Professions Code sections 17200, et seq., including incorporated or related claims based on alleged violations of California Labor Code sections 201, 202, 203, 204, 210, 226, 226.7, 510, 512, 551, 552, 1174, 1174.5, 1194, 1197, 1197.1, 1198, 2800 and 2802 et seq.; and (12) civil penalties under the Private Attorneys General Act (California Labor Code sections 2698 et seq., including incorporated or related claims based on alleged violations of California Labor Code sections 201, 202, 203, 204, 210, 226, 226.7, 510, 512, 551, 552, 1174, 1174.5, 1194, 1197, 1197.1, 1198, 2800 and 2802 et seq.

b. <u>Released Parties</u>. "Released Parties" means Masonite, and its past and present officers, directors, employees, and agents.

c. <u>Release of Additional Claims and Rights by Plaintiffs</u>. Upon payment of all funds due hereunder and the occurrence of the Effective Date, as a condition of receiving any portion of their Class Representative Enhancement Payment, Plaintiffs will agree to the additional following General Release: In consideration of Defendant's promises and agreements as set forth herein, each Plaintiff hereby fully releases the Released Parties from any and all Released Claims and also generally releases and discharges the Released Parties from any and all claims, demands, obligations, causes of action, rights, or liabilities of any kind which have been or could have been asserted against the Released Parties arising out of or relating to Plaintiffs' employment by Defendant or termination thereof, including but not limited to claims for wages, restitution, penalties, retaliation, or wrongful termination of employment, and including any other claims whatsoever, including any interest thereon, including claims based on alleged discrimination

1     on the basis of sex, race, national origin, ancestry, age, religion,

2     disability, handicap, and/or veteran status, and/or any other state or

3     federal or common law, statutory, or other claims arising out of or

4     relating to Plaintiffs' employment by Defendant. This release

5     specifically includes any and all claims, demands, obligations and/or

6     causes of action for damages, restitution, penalties, interest, and

7     attorneys' fees and costs (except provided by the Agreement) relating

8     to or in any way connected with the matters referred to herein, whether

9     or not known or suspected to exist, and whether or not specifically or

10     particularly described herein. Thus, Plaintiffs expressly waive any

11     right or claim or right to assert hereafter that any claim, demand,

12     obligation, and/or cause of action has, through ignorance, oversight, or

13     error, been omitted from the terms of this Settlement Agreement.

14     Specifically, Plaintiffs waive all rights and benefits afforded by

15     California Civil Code Section 1542, which provides: A GENERAL

16     RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE

17     CREDITOR OR RELEASING PARTY DOES NOT KNOW OR

18     SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF

19     EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM

20     OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER

21     SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY. The

22     release of claims set forth in this paragraph does not include claims for

23     workers' compensation benefits or any of claims that may not be

24     released by law.

25     d. <u>PAGA Settlement and Release</u>. For purposes of the PAGA and

26     Judgment, all Putative Class Members were allegedly aggrieved in the

27     same manner pursuant to Labor Code § 2698, et. seq., in that each

28     Putative Class Member allegedly suffered at least one of the alleged

Labor Code violations asserted in the Complaint for which the PAGA
provides an available remedy. The Parties also acknowledge and agree
that, by law, non-party employees have no right to opt out of, or object
to, the settlement of PAGA claims, that the settlement of PAGA claims
is subject to Court approval, and a judgment with respect to PAGA
claims is binding with respect to non-party employees upon Court
approval, pursuant to California Labor Code section 2699(l), *Arias v.
Superior Ct. (Dairy)*, 46 Cal. 4th 969, and *Cardenas v. McLane
Foodservice, Inc.*, 2011 WL 379413 at *3 (C.D. Cal. Jan. 31, 2011).
As such, irrespective of whether a Putative Class Member submits a
Request for Exclusion, upon approval of the Settlement, all Putative
Class Members will be issued payment for PAGA penalties as
provided herein, and upon the Effective Date, shall be deemed to have
released the Released Claims arising under PAGA.

**Notice and Administration**

11.    The Court approves, as to form, content, and distribution, the Notice
plan set forth in the Settlement Agreement, including the Notice to the Settlement
Class attached hereto as **Exhibit 1**, and finds that such Notice is reasonable and the
best notice practicable under the circumstances, and that the Notice complies fully
with the requirements of the Federal Rules of Civil Procedure.  The Court also finds
that the Notice constitutes valid, due, and sufficient notice to all persons entitled
thereto, and meets the requirements of Due Process.  The Court further finds that
the Notice is reasonably calculated to, under all circumstances, reasonably apprise
members of the Settlement Class of the pendency of this action, the terms of the
Settlement Agreement, and the right to object to the settlement and to exclude
themselves from the Settlement Class.  In addition, the Court finds that no notice
other than that specifically identified in the Settlement Agreement is necessary in
this Action.  The Parties, by agreement, may revise the Notice in ways that are not

8

material, or in ways that are appropriate to update those documents for purposes of accuracy or formatting.

12.     The Court approves the request for the appointment of Simpluris Class Action Settlement Administration ("Simpluris") as Settlement Administrator of the Settlement Agreement, with reasonable administration costs estimated not to exceed $12,000.00.

13.     Pursuant to paragraphs 44 to 46 of the Settlement Agreement, the Settlement Administrator is directed to send the Notice, with Spanish translations, directly by First-Class U.S. Mail in accordance with the Notice Plan called for by the Settlement Agreement.  The Settlement Administrator shall also establish and maintain a toll-free informational telephone support line to assist the Settlement Class Members who have questions regarding the Settlement or Notice. No later than seven (7) days before the date which Plaintiff is required to file the Motion for Final Approval of the Settlement, the Settlement Administrator shall provide to the Parties, a signed declaration for submission to the Court, attesting to its due diligence and compliance with all of its obligations under the Settlement Agreement. In its declaration, the Settlement Administrator shall also state the total number of Objection Forms and Exclusion Forms it received and attach the Objection and Exclusion list.

**Submission of Requests for Exclusion from Settlement Class**

14.     Any person falling within the definition of the Settlement Class may, upon valid and timely request, exclude themselves or "opt out" from the Settlement Class.  Any such person may do so if, on or before the Response Deadline [30 days after the initial mailing of the Notice], they comply with the exclusion procedures set forth in the Settlement Agreement and Notice.  Any Settlement Class Members so excluded shall neither be bound by the terms of the Settlement Agreement nor entitled to any of its benefits.

15.     Any members of the Settlement Class who elect to exclude themselves

ORDER GRANTING MOTION FOR PRELIMINARY APPROVAL OF CLASS AND PAGA ACTION
SETTLEMENT

or "opt out" of the Settlement Agreement must file a written request with the Settlement Administrator, received or postmarked no later than the Response Deadline [30 days after the initial mailing of the Notice]. The request for exclusion must comply with the exclusion procedures set forth in the Settlement Agreement and Notice. Class Members may use the Exclusion Form, attached hereto as Exhibit 2, which the Settlement Administrator shall include when mailing the Notice. Members of the Settlement Class who fail to submit a valid and timely request for exclusion shall become a Class Member and shall be bound by all terms of the Settlement Agreement, including those pertaining to the Released Claims, as well as any Judgment that may be entered by the Court if it grants final approval of the Settlement. However, irrespective of whether a Settlement Class Member submits a Request for Exclusion, upon final approval of the Settlement, all Class Members will be issued payment for PAGA Penalties and shall be deemed to have released the Released Claims arising under PAGA.

**Submission of Requests for Objection from Settlement Class**

16.    Any person falling within the definition of the Settlement Class who does not submit a timely Request for Exclusion shall be permitted to object to the Settlement before Final Approval.  To object, a Settlement Class Member must do so on or before the Response Deadline [30 days after the initial mailing of the Notice].

17.    Such objection shall not be valid unless it includes the information specified in the Settlement Notice. Class Members may use the Objection Form, attached hereto as Exhibit 3, which the Settlement Administrator shall include when mailing the Notice. The written objection or the Objection Form must be signed personally by the objector, and shall state each specific objection and any legal and factual support for each objection.  Irrespective of whether a notice of objection is submitted, Class Members are entitled to be heard at the Final Approval Hearing.

18.    If the Court rejects the Settlement Class Member's objection, the

10

Settlement Class Member will still be bound by the terms of the Settlement Agreement, including the release.

**Final Approval Hearing**

19.     The Final Approval Hearing shall be held before this Court on July 28, 2023, at 2:00 p.m. in Courtroom 2, 2nd Floor, at United States District Court, Central District of California, 3470 Twelfth Street, Riverside, California 92501-3801, to determine: (a) whether the proposed settlement of the Action on the terms and conditions provided for in the Settlement Agreement (including as it may be modified prior to the Final Approval Hearing date) is fair, reasonable, and adequate and should be given final approval by the Court; (b) whether a judgment and order of dismissal with prejudice should be entered; (c) whether to approve the Fee and Costs Award to Class Counsel; and (d) whether to approve the payment of the incentive awards to the Class Representatives.  The Court may adjourn the Final Approval Hearing without further notice to members of the Settlement Class.  The new date of Hearing, if any, shall be published on the Court's docket and on the Class Notice.

**Implementation Schedule**

20.     The Court orders the following Implementation Schedule:

| | |
|---|---|
| Defendant to provide Class List and Data to the Settlement Administrator | Within 14 calendar days from the date of preliminary approval by the Court |
| Settlement Administrator to mail the Notice Packets by First Class Mail | Within 10 calendar days after the Class List and Data is provided to the Settlement Administrator |
| Response Deadline | Within 30 days after the Settlement Administrator initially mails the Notice to Settlement Class Members |
| Deadline to file Motion for Final Approval | <u>June 30, 2023</u> |

ORDER GRANTING MOTION FOR PRELIMINARY APPROVAL OF CLASS AND PAGA ACTION SETTLEMENT

| Final Approval Hearing | July 28, 2023 at 2:00 p.m. in Courtroom 2 |
|---|---|

**Further Matters**

21.     All further proceedings in the Action are ordered stayed until Final Judgment or termination of the Settlement Agreement, whichever occurs earlier, except for those matters necessary to obtain and/or effectuate final approval of the Settlement Agreement.  Additionally, pending this Court's determination as to whether to finally approve the Settlement, the Court hereby prohibits and/or enjoins any other person, entity or counsel (other than successful opt-outs to this Settlement) from representing or from commencing, prosecuting, participating in or assisting in any lawsuit or proceeding against the Released Parties on any matters within the scope of the Released Claims.

22.     The Court retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement Agreement.  The Court may approve the Settlement, with such modifications as may be agreed by the Parties, if appropriate, without further notice to the Class.

Dated: April 12, 2023

_____
Sunshine S. Sykes
United States District Judge

12
ORDER GRANTING MOTION FOR PRELIMINARY APPROVAL OF CLASS AND PAGA ACTION SETTLEMENT

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**EXHIBIT 1**

## NOTICE OF CLASS ACTION AND PAGA SETTLEMENT AND RELEASE

### *Jesus Mendoza, et al. v. Masonite Corporation*
### United States District Court, Central District of California
### Case No. 5:21-cv-00025-SSS-KK

**You may be entitled to receive a payment from a class action settlement if you worked for Masonite Corporation in California as an hourly-paid, non-exempt employee at any time during the period from July 14, 2017 through [INSERT PRELIMINARY APPROVAL DATE].**

**This Notice is only a *summary* of the class and PAGA action settlement. You can (and are encouraged to) access and review the entire Class Action and PAGA Settlement Agreement and Release, with all of the settlement terms to which you are bound, including the "Released Claims" set forth in Paragraph 23 therein, by contacting the Settlement Administrator at (800) ###-####.**

***The United States District Court authorized this notice. This is not a solicitation from a lawyer. This is not a lawsuit against you and you are not being sued. However, your legal rights are affected whether you act or do not act.***

- Plaintiffs Jesus Mendoza and Cesar De La Rosa have sued Masonite Corporation (hereinafter referred to as "Masonite" or "Defendant"), claiming that Masonite violated California law by purportedly failing to pay minimum and regular rate wages, failing to pay overtime compensation, failing to provide meal periods, failing to authorize and permit rest breaks, failing to timely pay final wages at termination, failing to provide accurate itemized wage statements, and violating the California Business and Professions Code and the Private Attorneys General Act ("PAGA").

- You are receiving this Notice because a proposed settlement has been reached in the following cases: (1) *Jesus Mendoza and Cesar De La Rosa v. Masonite Corporation*, United States District Court, Central District of California, Case No. 5:21-cv-00025-SSS-KK, and (2) *Jesus Mendoza v. Masonite Corporation*, Superior Court of California, County of Riverside, Case No. CVRI2101170 (collectively referred to in this Notice as "Action").

- Masonite has denied these claims and the Court has not decided the merits of these claims.

- To avoid litigation expenses, Masonite has agreed to settle these claims and this Notice is a summary of your rights and options under this Settlement—**including the deadlines to exercise them**.

## 1.      Why did I get this notice package?

You are receiving this Class Notice because Masonite's records identify you as an hourly-paid, non-exempt employee employed by Masonite in the state of California during the period of July 14, 2017, through [INSERT PRELIMINARY APPROVAL DATE]. As such, you are a potential Class Member in this lawsuit. The purpose of this Notice is to describe the litigation to you, inform you about the Settlement, and inform you of your rights and options in connection with the Settlement.

Class Members include all individuals who, according to Masonite's records, worked for Masonite as an hourly-paid, non-exempt employee in California at any time during the period of July 14, 2017, through [INSERT PRELIMINARY APPROVAL DATE].

PAGA Employees include all individuals who, according to Masonite's records, worked for Masonite as an hourly-paid, non-exempt employee in California at any time during the period of November 15, 2019, through [INSERT PRELIMINARY APPROVAL DATE].

The Court in charge of the case and the approval of the Settlement is the United States District Court, Central District of California, and the case is known as *Jesus Mendoza, et al. v. Masonite Corporation*, Case No. 5:21-cv-00025-SSS-KK. The judge currently presiding over the lawsuit is the Honorable Sunshine S. Sykes, in Courtroom 2.

## 2.    What is a class action and who is involved?

In class and representative actions, one or more people called "Class Representatives" (which – in this case – are Jesus Mendoza and Cesar De La Rosa) sue on behalf of themselves and other individuals who have similar claims. The Class Representatives and these other individuals together are a "Class" or "Class Members." Each person receiving this notice is a "Class Member" for purposes of this Settlement. The Court has preliminarily decided that this Action can be resolved on a class-wide basis because it meets the requirements of federal law governing the resolution of claims through a class action.

## 3.    What does the lawsuit complain about?

Plaintiffs Jesus Mendoza and Cesar De La Rosa's Action alleges that Masonite violated the rights of non-exempt employees under California law. Specifically, Plaintiffs claim that non-exempt employees in California employed by Masonite during the relevant time period were subjected to the following violations: (1) failure to pay minimum and regular rate wage; (2) failure to pay overtime compensation; (3) failure to provide meal periods; (4) failure to authorize and permit rest breaks; (5) failure to timely pay final wages at termination; (6) failure to provide accurate itemized wage statements; (7) violation of the California Business and Professions Code; and (8) based on the allegations in this Action, Plaintiffs further seek the recovery of penalties under the Private Attorneys General Act of 2004 ("PAGA").

Class Counsel is experienced in class action litigation and has a duty to represent the interests of all Class Members. Based on analyzing the law concerning the claims, analyzing records, making factual investigations, considering risks involved in further litigation, ensuring that the Class receives payment without having to wait for years of protracted litigation with no certainty of success, and using a professional third-party mediator to assist in reaching a fair settlement of this lawsuit, Class Counsel believes the Settlement is fair, adequate, and reasonable.

You are receiving Class Notice of this Settlement because the Court has reviewed the Settlement and has preliminarily determined the Settlement is fair, adequate, and reasonable and therefore can go forward.

The Settlement is the result of good faith, arm's length negotiations between Plaintiffs and Masonite, through their respective attorneys and aided by a well-respected mediator. Both sides agree that in light of the risks and expenses associated with continued litigation, this Settlement is fair and appropriate under the circumstances, and in the best interests of the Settlement Class Members. This Settlement is a compromise and is not an admission of liability on the part of Masonite.

The Court has not decided whether Plaintiffs' claims have any merit. There was no trial. Instead of going to trial, both sides agreed to this settlement.

## 4.    What does the settlement provide?

- Masonite will pay $635,000.00 ("Gross Settlement Amount") to end this lawsuit.

- Class Members will receive a portion of the Net Settlement Amount in the manner described under Question 5. The Net Settlement Amount is the Total Settlement Amount minus the following deductions: (1) up to $5,000.00 to each of the Class Representatives as approved by the Court (total of $10,000.00); (2) up to $211,645.50 as attorneys' fees to Class Counsel as approved by the Court; (3) up to $18,000.00 as costs to Class Counsel as approved by the Court;

(4) approximately $12,000.00 as Settlement Administration Expenses as approved by the Court; and (5) $45,000.00 to the California Labor & Workforce Development Agency.

| 5. | How much will my payment be? |
|---|---|

A Class Member's Individual Settlement Payment will be his or her share of the Net Settlement Amount. The Net Settlement Amount is comprised of two parts: (1) the Net Class Settlement Amount (*i.e.*, the entire Net Settlement Amount less the Net PAGA Settlement Amount which is approximately $338,354.50), and (2) the Net PAGA Settlement Amount (*i.e.*, $15,000.00 earmarked for the release of Representative Plaintiffs' and each PAGA Aggrieved Employee's PAGA claims that is not payable to the California Labor and Workforce Development Agency).

**Calculation of Individual Class Settlement Payment**

A Class Member's pro-rata share of the Net Class Settlement Amount will be calculated by dividing the number of workweeks that he or she worked for Masonite as a non-exempt employee in California between July 14, 2017 and [INSERT PRELIMINARY APPROVAL DATE], by the total number of workweeks that all Class Members (who do not opt-out or exclude themselves from the Settlement) worked for Masonite as non-exempt employees between July 14, 2017 and [INSERT PRELIMINARY APPROVAL DATE].

All Settlement Payment determinations will be based on Masonite's timekeeping, payroll, and/or human resources records for Class Members. Your estimated individual workweeks during the Class Period and estimated Individual Class Settlement Payment are listed below:

> Defendant's records indicate you worked a total of << **Class Workweeks**>> workweeks in California during the Class Period. Based on your workweeks during the Class Period, your estimated Individual Class Settlement Payment is approximately $<<Est Individual Settlement Payment>>, minus any withholdings and deductions required by law.

If you dispute the number of workweeks as shown above, you may produce evidence to the Settlement Administrator establishing the dates you contend to have worked for Masonite from July 14, 2017 to [INSERT PRELIMINARY APPROVAL DATE]. Corrections to the number of workweeks must be supported by documentation or other evidence to constitute a valid dispute of workweeks. The Settlement Administrator shall provide a recommendation to counsel for the Parties and counsel will meet and confer to resolve the dispute. Corrections and supporting evidence must be mailed to [INSERT ADDRESS], faxed to [INSERT FAX NUMBER], or emailed to [INSERT EMAIL ADDRESS]. The deadline to submit corrections and supporting evidence is [INSERT DATE].

When calculating the Individual Settlement Payments for purposes of the Notices of Settlement, the Settlement Administrator will assume that no Settlement Class Members opt-out. When calculating the individual Settlement Payments to Settlement Class Members following Final Approval (for purposes of preparing individual Settlement Payment checks), the Settlement Administrator will not include Settlement Class Members who validly request exclusion from the Settlement.

For tax purposes, the Individual Settlement Payments will be allocated as follows: one-third (1/3) as wages, one-third (1/3) as penalties, and one-third (1/3) as interest. The wage portion of each Individual Settlement Payment will be subject to the withholding of all applicable local, state, and federal taxes, and the Settlement Administrator will deduct applicable employee-side payroll taxes from the wage portion of each Individual Settlement Payment. The portion allocated to wages shall be reported on an IRS Form W-2. The portion of each Individual Settlement Payment allocated to penalties and interest will be classified as other miscellaneous income and reported to state and federal taxing authorities by the Settlement Administrator using IRS Form 1099 without any tax withholding. You should consult with your tax advisors concerning the tax consequences of the payments you receive under the settlement. Neither Class Counsel nor Masonite's counsel intend anything contained herein to constitute legal advice regarding the taxability of any amount paid, nor shall it be relied

upon as such.

## Calculation of Individual PAGA Settlement Payment

The PAGA Allocation will be distributed to the California Labor and Workforce Development Agency ("LWDA") and to the PAGA Employees. In accordance with California law, 75% of the PAGA Allocation (or $45,000) will be paid to the LWDA and the remaining 25% of the PAGA Allocation (or $15,000) will paid to the PAGA Employees on a pro-rata basis (the "Individual PAGA Settlement Payments") based on the number of workweeks each PAGA Employee actually worked for Defendant in California during the PAGA Period, taking into account leaves of absence and any gaps in employment. The applicable PAGA Period is November 15, 2019, to [INSERT DATE OF PRELIMINARY APPROVAL]. Your estimated individual workweeks during the PAGA Period and estimated Individual PAGA Settlement Payment are listed below:

> Defendant's records indicate you worked a total of <<**PAGA Workweeks**>> workweeks in California during the PAGA Period. Based on your workweeks during the PAGA Period, your estimated Individual PAGA Settlement Payment is approximately $<<Est Individual PAGA Settlement Payment>>.

Each Individual PAGA Settlement Payment will be allocated as 100 percent miscellaneous income and reported to state and federal taxing authorities by the Settlement Administrator using Form 1099-MISC. Any taxes owed on the PAGA Settlement Payment will be the responsibility of the PAGA Employee receiving these payments.

## 6.    Will being part of this Settlement affect my job with Masonite?

Masonite encourages all Class Members to participate in the Settlement.  Masonite represents that, as required by law, it will not retaliate against any associate as a result of his or her participation in the Settlement.

## 7.    How and when will I get a payment? How do I update my address?

**How do I receive money from the Settlement?** You do not need to do anything to receive your Individual Class Settlement Payment and/or Individual PAGA Settlement Payment. Just watch your mail for a check and cash it when you get it. If you do not exclude yourself from the Settlement, you will automatically receive money from the Settlement. You do not need to make a claim or take any other action to receive your share of the Settlement.

**When will I receive my Settlement payment?** Class Members who do not opt out of the Settlement will receive their payments only after the Court grants final approval to the Settlement and after any appeals are resolved.  PAGA Employees will receive their payments only after the Court grants final approval to the Settlement and after any appeals are resolved. If there are appeals, resolving them can take more time.

**Settlement payment checks must be cashed soon after receipt.** The Settlement checks will be able to be cashed for 180 days after they are issued. After 180 days, the Settlement checks will no longer be able to be cashed. Any funds represented by Settlement checks remaining uncashed for more than 180 days after issuance shall be transmitted to the Controller of the State of California to be held pursuant to the Unclaimed Property Law, California Code of Civil Procedure Section 1500, et seq. in the names of those Class Members and/or PAGA Employees who did not cash their checks until such time they claim their property. The Settlement Administrator will also void any tax documents issued to the Class Members or PAGA Employees who did not cash their checks within 180 days of issuance. In such event, the Class Member and/or PAGA Employee will nevertheless remain bound by the terms of the Settlement.

**Change of address.** It is your responsibility to keep a current address on file with the Settlement Administrator to ensure that you receive your Settlement payment. If you change your address, or if this notice was not mailed to your correct address, you should immediately provide your current address to the Settlement Administrator. The Settlement

Administrator can be reached at (800) ###-####, or at the address provided below.

| 8. | What claims am I releasing as part of this lawsuit? |

If you do not exclude yourself from the Settlement, you will be bound by the release of claims in this Settlement. This release includes the wage and hour claims that were pleaded in the Action (or that could have been pleaded based on the facts alleged in the Consolidated Action), which arise out of the Class Members' work performed for Masonite as hourly-paid, non-exempt employees in the state of California between July 14, 2017 and [INSERT PRELIMINARY APPROVAL DATE].

More specifically, if the Court grants final approval of the Settlement, all Settlement Class Members who do not timely request exclusion from the Settlement will be barred from bringing certain claims described below:

**Released Claims.** The Released Claims are all claims, rights, demands, liabilities and causes of action, whether in law or equity, arising from the same facts and/or claims alleged in the Original Complaint, PAGA Complaint and First Amended Complaint, or related to claims that were pled or could have been pled based on the facts alleged in the Complaint and in pending PAGA Letters submitted to LWDA by Putative Class Members and/or Class Counsel, including claims for wages, restitution, statutory and civil penalties, interest, fees, and costs, and claims arising from California's Private Attorneys General Act, based on the following categories of claims and allegations: (1) failure to pay minimum and regular rate wages; (2) failure to pay overtime compensation; (3) failure to provide meal periods; (4) failure to authorize and permit rest breaks; (5) failure to timely pay final wages at termination; (6) failure to provide accurate itemized wage statements; (7) failure to timely pay all wages during employment; (8) failure to reimburse business expenses; (9) failure to maintain accurate records of hours worked; (10) failure to maintain accurate records of meal breaks; (11) unfair business practices in violation of California Business and Professions Code sections 17200, et seq., including incorporated or related claims based on alleged violations of California Labor Code sections 201, 202, 203, 204, 210, 226, 226.7, 510, 512, 551, 552, 1174, 1174.5, 1194, 1197, 1197.1, 1198, 2800 and 2802 et seq.; and (12) civil penalties under the Private Attorneys General Act (California Labor Code sections 2698 et seq., including incorporated or related claims based on alleged violations of California Labor Code sections 201, 202, 203, 204, 210, 226, 226.7, 510, 512, 551, 552, 1174, 1174.5, 1194, 1197, 1197.1, 1198, 2800 and 2802 et seq.

**Released Claims Period.** The Released Claims Period means the period from July 14, 2017, to [INSERT PRELIMINARY APPROVAL DATE].

**Released Parties.** The Released Parties are Masonite, and its past and present officers, directors, employees, and agents.

**PAGA Settlement and Release.** All Class Members, including all PAGA Employees, release the Released Claims arising under PAGA, regardless of whether they have requested exclusion from the Settlement as to Class claims.

**For the full language of the release, as well as additional documents related to the settlement, including the complete Class Action and PAGA Settlement Agreement and Release, you may contact the Settlement Administrator at (800) ###-####.**

## 9.    What are my options?

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS LAWSUIT | |
|---|---|
| **DO NOTHING—GET MONEY** | If you do nothing and the Court orders final approval of the Settlement, you will give up your rights to pursue the claims that are released by the Settlement and will be paid your portion of the Net Settlement Amount. |
| **EXCLUDE YOURSELF FROM THE SETTLEMENT AND RECEIVE NO MONEY** | If you ask to be excluded from, or opt-out of, the Settlement, you will get no payment, but you will keep your rights and not release any claims in this lawsuit. However, you will still receive any PAGA Settlement Payment to which you are entitled and release only those Released Claims that arise under PAGA. |
| **OBJECT TO THE SETTLEMENT** | Write to the Court about what you do not like about the Settlement, and if you so choose, attend Court to speak about the fairness of the Settlement. |

## 10.    How do I ask to be excluded from the settlement?

If you do not want a payment from this Settlement, but you want to keep your rights, then you **must** take steps to exclude yourself from the Settlement.  You can exclude yourself from the Settlement by notifying the Settlement Administrator in writing of your intent to exclude yourself by _____, 2023 (which is 30 calendar days from the date this Notice is sent to the Class Members).  Your exclusion letter must state your (i) name, (ii) current address, (iii) telephone number, (iv) the last four digits of your social security number, (v) desire to exclude yourself from the Settlement, and (vi) your signature. You may choose to use the Exclusion Form enclosed in this Notice. Exclusion letters or Exclusion Forms must be sent directly to the Settlement Administrator.

The Settlement Administrator, Simpluris Class Action Settlement Administration, is a neutral third-party appointed by the Court to administer the Settlement in accordance with the Court's Orders and the terms of the Settlement Agreement. Exclusion letters must be sent directly to the Settlement Administrator at the following address by fax or first-class mail, postage prepaid, postmarked on or before _____, 2023:

Simpluris Class Action Settlement Administration
[Administrator Address Here]

No Class Member will be permitted to pursue a claim released by this Settlement on the grounds that a request for exclusion was submitted timely and lost, destroyed, misplaced, or otherwise not received by the Settlement Administrator unless the Class Member has adequate proof that the request for exclusion was mailed timely certified and return receipt requested or has equivalent proof of timely delivery.

You may withdraw your exclusion prior to _____, 2023, by writing to the Settlement Administrator and stating your intent to withdraw your request to be excluded.

## 11.    If I don't exclude myself, can I sue Masonite for the same thing later?

No. Unless you exclude yourself, you give up any right to sue Masonite for the claims that this Settlement resolves. If you have a pending lawsuit regarding these claims, speak to your lawyer in that case. ***Remember, the exclusion deadline is _____, 2023.***

## 12.    If I exclude myself, can I get money from this settlement?

No. If you exclude yourself, you are not eligible to receive any money from this Settlement, but you may sue, continue to sue, or be part of a different lawsuit against Masonite. If you ask to be excluded, you will not be bound by the Settlement or have any right to object, appeal, or comment thereon.

## 13.    How do I object to the settlement?

If you are a Class Member and wish to object and tell the Court why you do not like the Settlement, you may submit a written objection or appear at the Final Approval Hearing to raise your objection. Class Members can object by sending a written notice of objection directly to the Settlement Administrator at the following address by fax or first-class mail, postage prepaid, postmarked on or before _____, 2023 (which is 30 calendar days from the date this Notice is sent to the Class Members.):

Simpluris Class Action Settlement Administration
[Administrator Address Here]

All such objections must contain: (i) the Class Member's full name, signature, address, telephone number, last four digits of Social Security Number, (ii) written statement of all grounds for the objection accompanied by any legal support for such objection; and (iii) copies of any papers, brief, or other documents, upon which the objection is based. You may choose to use the Objection Form enclosed in this Notice.

Upon request, the objector must also provide the parties any address information or other necessary information so as to identify the objector. Irrespective of whether a notice of objection is submitted, Class Members are entitled to be heard at the Final Approval Hearing. A Class Member may enter an appearance through an attorney if the Class Member so desires.

You may object, however, only if you do not exclude yourself from the Settlement. Do not submit a request for exclusion if you wish to object. If a Class Member objects to the Settlement, he/she will remain a member of the Class, and, if the Court grants final approval of the Settlement, he/she will be bound by the Settlement in the same way and to the same extent as a Class Member who does not object.

## 14.    What's the difference between objecting and excluding myself?

Objecting is simply telling the Court that you do not like something about the Settlement. You can object only if you stay in the Class. Excluding yourself is telling the Court that you do not want to be part of the Class and don't want to release your individual claims. If you exclude yourself, you have no basis to object because the case no longer affects you.

## 15.    Do I have a lawyer in this case?

The Court has approved Moon & Yang, APC to represent you and other Class Members in this action. These lawyers are called Class Counsel. You will not be separately charged for these lawyers. If you want to be represented by your own lawyer, you may hire one at your own expense. A Class Member may enter an appearance through an attorney if the Class Member so desires. Class Counsel are available as your counsel to answer your questions. The names and contact information of Class Counsel are:

Kane Moon
Allen Feghali
Julie Sohyun Oh
**MOON & YANG, APC**
1055 W. Seventh St., Suite 1880
Los Angeles, California 90017
Telephone: (213) 232-3128
Facsimile: (213) 232-3125

## 16.    How will the lawyers be paid?

Class counsel would ask the Court to approve a payment of up to $211,645.50 for attorneys' fees and up to $18,000 for litigation costs, which will be paid out of the $635,000.00 settlement fund. These attorneys' fees will pay Class Counsel for bringing the lawsuit on your behalf, investigating the facts, litigating the case, and negotiating the Settlement. Defendant has agreed not to oppose these attorneys' fees or costs. The Court may award less than these amounts.

## 17.    When will final approval occur?

The Court will hold a final hearing to decide whether or not to approve the Settlement. You may attend, either in person or remotely depending on the Court's procedure at the time of the hearing due to the pandemic, and you may ask to speak, but you don't have to. The Final Approval Hearing is scheduled for _____, 2023, at _____a.m./p.m. in the United States District Court, Central District of California, Courtroom 2, located at 3470 Twelfth Street, Riverside, California 92501-3801.

## 18.    How do I get more information?

**This Notice only summarizes the Action, the Settlement and related matters.** You may contact the Settlement Administrator for a copy of the Class Action and PAGA Settlement Agreement and Release. This document and the motion for approval of the settlement is also on file with the United States District Court, Central District of California, located at 3470 Twelfth Street, Riverside, California 92501-3801. You may also contact Class Counsel at the address listed in Section 13 above without having to pay for any attorneys' fees. You also have the right to speak with an attorney of your choosing at your own expense. A Class Member may enter an appearance through an attorney if the Class Member so desires.

**Simpluris Class Action Settlement Administration**
<<Telephone Number>>
<<Fax Number>>
<<Email>>
<<Website>>

**PLEASE <u>DO NOT</u> CONTACT THE CLERK OF THE COURT, THE JUDGE, OR ANY OF MASONITE'S MANAGERS, SUPERVISORS, OR ATTORNEYS ABOUT THIS SETTLEMENT.**

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**EXHIBIT 2**

*Jesus Mendoza, et al. v. Masonite Corporation*
United States District Court, Central District of California
Case No. 5:21-cv-00025-SSS-KK

||||||||||||||||||||||||
<<PSA ID>>
<<First Last>>
<<Address>>
<<City, State, Zip, Country>>

Name/Address Changes (if any):

_____

_____

## <u>REQUEST FOR EXCLUSION FORM</u>

*You are receiving this form because you may be entitled to receive money from a Class Action Settlement.*

*Use and return this form only if you wish to be excluded from the Class and do not wish to receive a settlement payment. If you exclude yourself from the Class by signing and returning this form, you will not receive your Individual Settlement Payment, you will not be subject to the terms of the Settlement, and you will retain whatever rights you may currently have.*

*If you wish to remain in the Class and receive a settlement payment, you may disregard this form. You do not need to do anything, and you will receive a check by U.S. Mail.*

**To be valid, your Exclusion Request Form must be signed by you, and returned to the Settlement Administrator at the address provided below and be postmarked on or before _____, 2023.**

**I HEREBY CONFIRM THAT I HAVE RECEIVED NOTICE OF THE PROPOSED SETTLEMENT IN THE *MENDOZA V. MASONITE CORPORATION* ACTION AND WISH TO BE EXCLUDED FROM THE SETTLEMENT CLASS. I UNDERSTAND THAT I WILL NOT RECEIVE A SETTLEMENT PAYMENT OR OTHER SETTLEMENT BENEFITS AND WILL NOT BE BOUND BY THE CLASS SETTLEMENT INCLUDING THE RELEASE OF CLASS CLAIMS. HOWEVER, I WILL STILL RECEIVE MY PAGA PAYMENT AND BE SUBJECT TO THE PAGA RELEASE AND OTHER SETTLEMENT TERMS APPLICABLE TO PAGA.**

**Dated: _____**          **Signature: _____**

### What is the Settlement Administrator's contact information?

*Mendoza, et al. v. Masonite Corporation*
c/o Simpluris, Inc.
[insert address]
[insert phone/fax/email]

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**EXHIBIT 3**

*Jesus Mendoza, et al. v. Masonite Corporation*
United States District Court, Central District of California
Case No. 5:21-cv-00025-SSS-KK

||||||||||||||||||||||||
<<PSA ID>>
<<First Last>>
<<Address>>
<<City, State, Zip, Country>>

Name/Address Changes (if any):

_____

_____

## OBJECTION FORM

*You are receiving this form because you may be entitled to receive money from a Class Action Settlement.*

*Use and return this form only if you wish to object to the settlement.  If your objection is rejected by the Court, you will receive your Individual Settlement Payment, you will be subject to the terms of the Settlement, and you will release claims as set forth in the Settlement and Notice. However, an oral objection may be made at the final approval hearing instead of submitting a written objection.*

**To be valid, your Objection Form must be signed by you, and returned to the Settlement Administrator at the address provided below and be postmarked on or before _____, 2023.**

**I object to the settlement in *Mendoza v. Masonite Corporation* because _____**

_____

_____

_____

_____

_____

_____

_____

**Dated: _____**          **Signature: _____**

### What is the Settlement Administrator's contact information?

*Mendoza, et al. v. Masonite Corporation*
c/o Simpluris, Inc.
[insert address]
[insert phone/fax/email]