Kane Moon (SBN 249834)
Allen Feghali (SBN 301080)
Enzo Nabiev (SBN 332118)
Sohyun Oh (SBN 341157)
**MOON & YANG, APC**
1055 W. Seventh St., Suite 1880
Los Angeles, California 90017
Telephone: (213) 232-3128
Facsimile: (213) 232-3125
E-mail: kane.moon@moonyanglaw.com
E-mail: allen.feghali@moonyanglaw.com
E-mail: enzo.nabiev@moonyanglaw.com
E-mail: julie.oh@moonyanglaw.com

Attorneys for Plaintiffs Jesus Mendoza and Cesar De La Rosa

**JS-6**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESUS MENDOZA and CESAR DE LA ROSA, individually, and on behalf of all others similarly situated, <br><br> *Plaintiffs*, <br><br> vs. <br><br> MASONITE CORPORATION, a Delaware corporation; and DOES 1 through 10, inclusive, <br><br> *Defendants*. | Case No.: 5:21-cv-00025-SSS-KKx <br><br> [Assigned to Hon. Sunshine S. Sykes] <br><br> **ORDER AND JUDGMENT [Dkts. 49 & 50]:** <br><br> 1. **CERTIFYING SETTLEMENT CLASS;** <br> 2. **FINALLY APPROVING PROPOSED SETTLEMENT;** <br> 3. **AWARDING FEES AND COSTS TO CLASS COUNSEL;** <br> 4. **AWARDING SERVICE PAYMENTS TO PLAINTIFFS; AND,** <br> 5. **DIRECTING ENTRY OF JUDGMENT** <br><br> Date:       July 28, 2023 <br> Time:      2:00 p.m. <br> Action Filed:  November 17. 2020 |

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

Plaintiffs JESUS MENDOZA and CESAR DE LA ROSA ("Plaintiffs") and Defendant Masonite Corporation ("Defendant" or "Masonite") have reached terms of settlement for a putative class and Private Attorneys General Act ("PAGA") representative action.

Plaintiffs have filed a motion for final approval of a class and representative action settlement of the claims asserted against Defendant in this action, memorialized in the Joint Stipulation of Class Action and PAGA Settlement and Release ("Settlement") (*see,* Declaration of Kane Moon in Support of Plaintiffs' Motions for (1) Final Approval of Class Action Settlement and (2) Award for Attorneys' Fees and Costs, and Service Awards to Plaintiffs  ["Moon Decl."], at Exh. 1) with attached Exhibits, including the proposed form of Notice.  In addition, Plaintiffs concurrently filed a motion for an award of fees, costs, and class representative enhancement awards, which was considered in conjunction with the motion for final approval.

The Settlement between Plaintiffs and Defendant (together, "the Parties") provides that the Parties stipulate to certification of a Class for settlement purposes only.  The Settlement is conditioned upon, among other things, the Court's approval.  Capitalized terms in this Order shall have the same meaning as in the Settlement unless indicated otherwise.  A summary of the terms of the Settlement is as follows:

- Defendant stipulates to certification of a Settlement Class, to include all Class Members, for purposes of Settlement only. (Settlement, ¶ 78.)
- The Class is:  All persons who worked for Masonite in California as an hourly-paid, non-exempt employees during the Class Period (the "Class Period" is July 14, 2017, through April 12, 2023).  (Settlement, ¶¶ 5-6.)  Excluded from the Settlement Class are Class Members that timely submit valid Requests for Exclusion. (Settlement, ¶ 5.)
- Defendant agrees that $635,000.00, known as the "Gross Settlement Amount," plus the employer's share of any payroll taxes related to the

Case No.:  5:21-cv-00025-SSS-KK          Page 1          *Mendoza v. Masonite Corporation*

ORDER AND JUDGMENT:  1. CERTIFYING SETTLEMENT CLASS; 2. FINALLY APPROVING PROPOSED SETTLEMENT; 3. AWARDING FEES/COSTS TO CLASS COUNSEL; 4. AWARDING ENHANCEMENT TO PLAINTIFFS; AND, 5. DIRECTING ENTRY OF

settlement payments, represents the maximum amount that it will pay out under the Settlement (Settlement, ¶ 13), inclusive of the following: (a) settlement payments to Class Members who do not validly opt out (Settlement, ¶ 14); (b) the maximum gross amount for Class Counsels' attorneys' fees of $211,645.50 (Settlement, ¶ 3); (c) the maximum gross amount for all of Class Counsels' litigation costs and associated expenses, which shall not exceed $18,000.00 (Settlement, ¶ 3); (d) the anticipated gross amount for claims administration costs, estimated not to exceed $12,000.00 (Settlement, ¶ 29); (e) the Class Representative Enhancement Payments to be made to Plaintiffs, which is a maximum of $5,000.00 each ($10,000.00 total) (Settlement, ¶ 7); (f) the maximum gross amount for payment to the California Labor Workforce Development Agency ("LWDA") as part of the consideration for the release of all Released Claims under PAGA, which is $45,000.00 (75% of $60,000 allocated to PAGA) (Settlement, ¶ 38(a)).

- The Settlement is a ***non-reversionary*** settlement. (Settlement, ¶ 39.)

- Each Class Member who did not opt out will be paid their share of the settlement, subject to certain taxes and withholdings. (Settlement, ¶ 42.)

- Class Counsel will not seek an amount greater than **$211,645.50** for attorneys' fees. (Settlement, ¶ 3.)

- Class Counsel will not seek an amount greater than **$18,000.00** for litigation costs. (Settlement, ¶ 3.)

- The Class Representative service payments requested will be **$5,000.00** to each ($10,000.00 total). (Settlement, ¶ 7.)

- If a Class Member has not cashed his or her check(s) within 180 days of issuance, the funds representing the "uncashed checks" shall be transmitted by the Administrator to the California State Controller's Office for Unclaimed Property in the name of each Class Member who failed to cash their Settlement Payment check prior to the void date. (Settlement, ¶ 53.)

Case No.:  5:21-cv-00025-SSS-KK                    Page 2                    *Mendoza v. Masonite Corporation*

**ORDER AND JUDGMENT: 1. CERTIFYING SETTLEMENT CLASS; 2. FINALLY APPROVING PROPOSED SETTLEMENT; 3.
AWARDING FEES/COSTS TO CLASS COUNSEL; 4. AWARDING ENHANCEMENT TO PLAINTIFFS; AND, 5. DIRECTING ENTRY OF
JUDGMENT**

After reviewing the Settlement, the proposed Class Notice, and other related documents, and having heard the argument of Counsel for respective Parties, if any, **IT IS HEREBY ORDERED AS FOLLOWS**:

1.      The Court finds that the proposed class satisfies the requirements of a settlement class under Rule 23 of the Federal Rules of Civil Procedure.  For purposes of settlement, the requirements of Rule 23(a) are satisfied because the proposed Class is so numerous that joinder of all Class Members is impracticable, there are questions of law or fact common to the Class, the claims of Plaintiffs are typical of the claims of the Class; and Plaintiffs will fairly and adequately protect the interests of the Class.  The requirements of Rule 23(b) are satisfied because questions of law or fact common to Class Members predominate over any questions affecting only individual Class Members.

2.      The Parties' settlement appears to have been made and entered into in good faith and is hereby finally approved as fair, adequate, and reasonable, subject to the limitations on the requested fees and payments as set forth below.

3.      The Court further finds that the settlement of Plaintiffs' PAGA claim is fair and reasonable, and finally approves the Settlement and release of that claim and the payment to the LWDA in the amount of $45,000.00.  Plaintiffs have provided evidence that the LWDA received notice of the proposed settlement in the manner required by the LWDA.

4.      The following persons are certified as Class Members solely for the purpose of entering a settlement in this matter:

All persons who worked for Masonite in California as an hourly-paid, non-exempt employees at any time from July 14, 2017, through April 12, 2023.

Participating Class Members are those Class Members who did not timely request exclusion from the Settlement.  Based on the Declaration of Stephen Gomez on behalf of Simpluris Class Action Settlement Administration, only two Class Members, Fredy W. Quezada and Clarito Dafalia, submitted a valid and timely Request for Exclusion pursuant

to the Settlement.

5.    The distribution of the Notice Packet directed to the Class Members as set forth in the Settlement and the Court's directions has been completed in conformity with the Preliminary Approval Order.  The Notice Packet provided due and adequate notice of the proceedings and of the matters set forth therein, including the proposed settlement terms as set forth in the Settlement, to all persons entitled to such Notice. The Notice fully satisfied the requirements of due process, having been sent to all Class Members who could be identified through reasonable effort, and was the best notice practicable under the circumstances.  The Notice fully and accurately informed Class Members of all material elements of the proposed settlement and their opportunity to exclude themselves from, or object to, the Settlement.

6.    By filing the motion for an award of attorneys' fees, costs, and service payment awards, and by also permitting Class Members to object to those amounts through to the hearing of the motion of final approval, Plaintiffs have satisfied the notice and opportunity to respond requirements of *In re Mercury Interactive*, 816 F.3d 988 (9th Cir. 2010).

7.    Plaintiffs Jesus Mendoza and Cesar De La Rosa are confirmed as the Class Representatives for settlement purposes.  Moon & Yang, APC is confirmed as Class Counsel.

8.    Simpluris Class Action Settlement Administration ("Simpluris") is confirmed as the Settlement Administrator, pursuant to the terms set forth in the Settlement.  The Court hereby directs payment to the Administrator, Simpluris, for fees and expenses, in the amount of **$11,857.00**, to be paid pursuant to the Settlement's terms for such distribution.  The Court finds that the Settlement Administrator has thus far fully discharged its obligations as Settlement Administrator under the terms of the Settlement, and the Settlement Administrator is directed to complete the administration as set forth in the Settlement.

9.     The proposed payment of **$45,000.00** in civil penalties under the Labor Code Private Attorneys General Act of 2004 (Labor Code § 2698 et seq.) to the Labor and Workforce Development Agency is approved.  The Court finds that the substantial risks identified in this matter could result in very substantial reductions in discretionary penalties, if any were recovered.  The Court approves the Settlement and release of the PAGA claim.

10.    The Court hereby awards Class Counsel, Moon & Yang, APC, **$211,645.50** in attorney's fees and **$15,625.40** in costs.

11.    The Court hereby awards Class Representative Enhancement Payments of **$5,000.00** each to Plaintiffs Jesus Mendoza and Cesar De La Rosa (for a total of $10,000.00), to be paid in accordance with the terms of the Settlement.  The Court finds that this amount is fair and reasonable in light of Plaintiffs' contributions to this litigation, and this amount is unopposed.

12.    The Court directs payment to all Class Members pursuant to the terms of the Settlement.

13.    The Court orders that a Qualified Settlement Fund, as defined in Treasury Regulations Section 1.468B-1, or other applicable law, shall be established to effectuate the terms of the Settlement and the orders of the Court.

14.    Defendant shall pay a total of $635,000.00 to resolve this litigation. Defendant will fund the Gross Settlement Amount into a Qualified Settlement Fund account within twenty (20) calendar days of the Effective Date, as defined in the Settlement. Within fifteen (15) calendar days of the receipt of the funding, the Settlement Administrator shall issue settlement payments to Class Members.

15.    Class Members were given a full opportunity to participate in the Final Approval Hearing, and all Class Members and other persons wishing to be heard have been heard.  As of the date of this Order and Judgment, six Class Member have objected to the Settlement.  Participating Class Members who did not timely object to the settlement set forth in the Settlement are barred from prosecuting or pursuing any appeal of the Final

Approval Order and Judgment.

16. Upon the final approval by the Court of this Settlement and Defendant's payment of all sums due pursuant to this Settlement, and except as to such rights or claims as may be created by the Settlement, the Class Representatives, the Class and each Class Member who has not submitted a valid and timely request for exclusion as to claims other than the PAGA claim, will release claims as follows:

**Released Parties**. "Released Parties" means Masonite, and its past and present officers, directors, employees, and agents.

**Released Claims**. "Released Claims" means, all claims, rights, demands, liabilities and causes of action, whether in law or equity, arising from the same facts and/or claims alleged in the Original Complaint, PAGA Complaint and First Amended Complaint, or related to claims that were pled or could have been pled based on the facts alleged in the Complaint and in pending PAGA Letters submitted to LWDA by Putative Class Members and/or Class Counsel, including claims for wages, restitution, statutory and civil penalties, interest, fees, and costs, and claims arising from California's Private Attorneys General Act, based on the following categories of claims and allegations: (1) failure to pay minimum and regular rate wages; (2) failure to pay overtime compensation; (3) failure to provide meal periods; (4) failure to authorize and permit rest breaks; (5) failure to timely pay final wages at termination; (6) failure to provide accurate itemized wage statements; (7) failure to timely pay all wages during employment; (8) failure to reimburse business expenses; (9) failure to maintain accurate records of hours worked; (10) failure to maintain accurate records of meal breaks; (11) unfair business practices in violation of California Business and Professions Code sections 17200, et seq., including incorporated or related claims based on alleged violations of California Labor Code sections 201, 202, 203, 204, 210, 226, 226.7,

510, 512, 551, 552, 1174, 1174.5, 1194, 1197, 1197.1, 1198, 2800 and 2802 et seq.; and (12) civil penalties under the Private Attorneys General Act (California Labor Code sections 2698 et seq., including incorporated or related claims based on alleged violations of California Labor Code sections 201, 202, 203, 204, 210, 226, 226.7, 510, 512, 551, 552, 1174, 1174.5, 1194, 1197, 1197.1, 1198, 2800 and 2802 et seq.

**PAGA Settlement and Release**. The Parties acknowledge and agree that for purposes of the PAGA and Judgment, all Putative Class Members were allegedly aggrieved in the same manner pursuant to Labor Code § 2698, et. seq., in that each Putative Class Member allegedly suffered at least one of the alleged Labor Code violations asserted in the Complaint for which the PAGA provides an available remedy. The Parties also acknowledge and agree that, by law, non-party employees have no right to opt out of, or object to, the settlement of PAGA claims, that the settlement of PAGA claims is subject to Court approval, and a judgment with respect to PAGA claims is binding with respect to non-party employees upon Court approval, pursuant to California Labor Code section 2699(l), *Arias v. Superior Ct.* (*Dairy*), 46 Cal. 4th 969, and *Cardenas v. McLane Foodservice, Inc.*, 2011 WL 379413 at *3 (C.D. Cal. Jan. 31, 2011). As such, irrespective of whether a Putative Class Member submits a Request for Exclusion, upon approval of the Settlement, all Putative Class Members will be issued payment for PAGA penalties as provided herein, and upon the Effective Date, shall be deemed to have released the Released Claims arising under PAGA, as set forth in Paragraph 23.

**Release of Additional Claims and Rights by Plaintiffs**. Upon payment of all funds due hereunder and the occurrence of the Effective Date, as a condition of receiving any portion of their Class Representative

ORDER AND JUDGMENT: 1. CERTIFYING SETTLEMENT CLASS; 2. FINALLY APPROVING PROPOSED SETTLEMENT; 3. AWARDING FEES/COSTS TO CLASS COUNSEL; 4. AWARDING ENHANCEMENT TO PLAINTIFFS; AND, 5. DIRECTING ENTRY OF

Enhancement Payment, Plaintiffs will agree to the additional following General Release: In consideration of Defendant's promises and agreements as set forth herein, each Plaintiff hereby fully releases the Released Parties from any and all Released Claims and also generally releases and discharges the Released Parties from any and all claims, demands, obligations, causes of action, rights, or liabilities of any kind which have been or could have been asserted against the Released Parties arising out of or relating to Plaintiffs' employment by Defendant or termination thereof, including but not limited to claims for wages, restitution, penalties, retaliation, or wrongful termination of employment, and including any other claims whatsoever, including any interest thereon, including claims based on alleged discrimination on the basis of sex, race, national origin, ancestry, age, religion, disability, handicap, and/or veteran status, and/or any other state or federal or common law, statutory, or other claims arising out of or relating to Plaintiffs' employment by Defendant. This release specifically includes any and all claims, demands, obligations and/or causes of action for damages, restitution, penalties, interest, and attorneys' fees and costs (except provided by the Agreement) relating to or in any way connected with the matters referred to herein, whether or not known or suspected to exist, and whether or not specifically or particularly described herein. Thus, Plaintiffs expressly waive any right or claim or right to assert hereafter that any claim, demand, obligation, and/or cause of action has, through ignorance, oversight, or error, been omitted from the terms of this Settlement Agreement. Specifically, Plaintiffs waive all rights and benefits afforded by California Civil Code Section 1542, which provides: A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE

TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY. The release of claims set forth in this paragraph does not include claims for workers' compensation benefits or any of claims that may not be released by law.

**Effective Date**. "Effective Date" means the later of (a) if no appeal is filed, the date that is twenty (20) days after the date of entry of Order granting final approval of the Settlement, or (b) if an appeal is filed, the date on which any reviewing court issues a decision, the time for further appeal has expired, and the trial court has regained jurisdiction.

17. The Court directs that the Clerk of the Court enter the Court's Order as a Final Judgment.  Plaintiffs and Class Members shall take nothing from Defendant except as set forth in the Settlement and this Final Approval Order and Judgment.

18. Neither this Order, the Settlement, nor any related statements or proceedings shall be construed or deemed an admission of liability, culpability, damage or wrongdoing on the part of Defendant, or of the appropriateness of certification of the Class other than for settlement purposes.

19. In the event the Judgment is overturned, reversed, not affirmed in its entirety, or never becomes final, the Effective Date does not occur, or the Settlement is nullified or modified for any reason, Defendant does not waive any and all rights, including its right to oppose class certification.  The Settlement is a settlement document and shall be inadmissible in evidence in any proceeding, except an action or proceeding to approve, interpret, or enforce the Settlement.

20. The Court orders that, without affecting the finality of the Final Approval Order and Judgment, it reserves continuing jurisdiction over the parties for the purposes of implementing, enforcing and/or administering the Settlement or enforcing the terms of the Judgment.

21. Plaintiffs' Motion for Final Approval of Class and PAGA Action Settlement and Plaintiffs' Motion for an Award of Attorneys' Fees and Costs, and Enhancement Awards to Plaintiffs are hereby granted, and the Court directs that Judgment shall be entered in accordance with the terms of this Order.

**22.** The Court sets a Non-Appearance Hearing (Case Review) Re: Distribution on May 10, 2024, 2024 at 2:00 p.m., via Zoom video conference. Class Counsel is ordered to file a final report and declaration regarding distribution no later than May 3, 2024.

**IT IS SO ORDERED.**

Dated: August 1, 2023

_____
Hon. Sunshine S. Sykes
UNITED STATES DISTRICT JUDGE